## IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF NORTH CAROLINA
## WESTERN DIVISION

| | | |
|---|---|---|
| MARGARET ABERNATHY, | ) | |
| | ) | |
|     Plaintiff, | ) | |
| | ) | |
|     v. | ) | No.    5:18-cv-379 |
| | ) | |
| SIRIUS XM RADIO, INC., | ) | |
| | ) | |
|     Defendant. | ) | |

## PLAINTIFF'S COMPLAINT

Plaintiff, MARGARET ABERNATHY, ("Plaintiff") files this lawsuit for damages, and other legal and equitable remedies, resulting from the illegal actions of Defendant, SIRIUS XM RADIO, INC. ("Defendant"), in negligently, knowingly, and/or willfully contacting Plaintiff on Plaintiff's cellular telephone in violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq.* ("TCPA").

## JURISDICTION AND VENUE

1. Jurisdiction in this Court is proper pursuant to 28 U.S.C. § 1331 as Plaintiff's claims arise under the laws of the United States.

2. This Court has federal question jurisdiction because this case arises out of violations of federal law. 47 U.S.C. §227(b); *Mims v. Arrow Fin. Servs., LLC*, 132 S. Ct. 740 (2012).

3. Defendant conducts business in Louisburg, Franklin County, North Carolina.

4. Venue and personal jurisdiction in this District are proper because Defendant transacts business in this District, and a material portion of the events at issue occurred in this District.

1

## PARTIES

5. Plaintiff, is a resident of Louisburg, Franklin County, North Carolina.

6. Defendant is based in New York, New York.

## FACTUAL ALLEGATIONS

7. In or around April 2018, Defendant began calling Plaintiff's cellular telephone at xxx-xxx-4695.

8. None of the calls Defendant made to Plaintiff were for an emergency purpose.

9. Defendant calls Plaintiff from 877-463-5346, which is one of Defendant's telephone numbers.

10. On at least two occasions since Defendant began calling Plaintiff, Plaintiff has answered Defendant's call and has spoken with Defendant's representative.

11. Specifically, on or around June 14, 2018 and June 19, 2018, Plaintiff spoke with one of Defendant's representatives and requested for Defendant to stop calling her.

12. Despite Plaintiff's repeated requests for Defendant to stop calling, Defendant continued to call Plaintiff's cellular telephone.

13. Prior to calling Plaintiff's cellular telephone, Defendant knew the number was a cellular telephone number.

14. All of the calls Defendants made to Plaintiff's cellular telephone resulted in Plaintiff incurring a charge for incoming calls.

15. During at least one conversation, Defendant learned that Plaintiff wanted Defendant to stop calling Plaintiff's cellular telephone.

16. Even if at one point Defendant had permission to call Plaintiff's cellular telephone, Plaintiff revoked this consent.

2

17. Defendant continued to call Plaintiff's cellular telephone after Defendant knew Plaintiff wanted the calls to stop.

18. Within 4 years of Plaintiff filing this Complaint, Defendant used an automatic telephone dialing system to call Plaintiff's cellular telephone.

19. Within 4 years of Plaintiff filing this Complaint, Defendant called Plaintiff's cellular telephone in predictive mode.

20. The telephone dialer system Defendant used to call Plaintiff's cellular telephone has the capacity to store telephone numbers.

21. The telephone dialer system Defendant used to call Plaintiff's cellular telephone has the capacity to call stored telephone numbers automatically.

22. The telephone dialer system Defendant used to call Plaintiff's cellular telephone has the capacity to call stored telephone numbers without human intervention.

23. The telephone dialer system Defendant used to call Plaintiff's cellular telephone has the capacity to call telephone numbers in sequential order.

24. The telephone dialer system Defendant used to call Plaintiff's cellular telephone has the capacity to call telephone numbers randomly.

25. The telephone dialer system Defendant used to call Plaintiff's cellular telephone selects telephone numbers to be called according to a protocol or strategy entered by Defendant.

26. The telephone dialer system Defendant used to call Plaintiff's cellular telephone simultaneously calls multiple consumers.

27. While Defendant called Plaintiff's cellular telephone, Plaintiff's cellular telephone line was unavailable for legitimate use during the unwanted calls.

28. Defendant's calls constitute calls that are not for emergency purposes as defined by the

TCPA.

29. As a result of Defendant's alleged violations of law by placing these automated calls to Plaintiff's cellular telephone without prior express consent, Defendant caused Plaintiff harm and/or injury such that Article III standing is satisfied in at least the following, if not more, ways:

   a. Invading Plaintiff's privacy;

   b. Electronically intruding upon Plaintiff's seclusion;

   c. Intrusion into Plaintiff's use and enjoyment of her cellular telephone;

   d. Impermissibly occupying minutes, data, availability to answer another call, and various other intangible rights that Plaintiff has as to complete ownership and use of her cellular telephone; and

   e. Causing Plaintiff to expend needless time in receiving, answering, and attempting to dispose of Defendant's unwanted calls.

**DEFENDANT VIOLATED THE
TELEPHONE CONSUMER PROTECTION ACT**

30. Defendant's conduct violated the TCPA by:

   a. Placing non-emergency telephone calls to Plaintiff's cellular telephone using an automatic telephone dialing system and/or pre-recorded or artificial voice in violation of 47 U.S.C. § 227 (b)(1)(A)(iii).

WHEREFORE, Plaintiff, MARGARET ABERNATHY, respectfully requests judgment be entered against Defendant, SIRIUS XM RADIO, INC., for the following:

31. As a result of Defendant's negligent violations of 47 U.S.C. 227(b)(1), Plaintiff is entitled to and requests $500.00 in statutory damages, for each and every violation, pursuant to 47

4

U.S.C. 227(b)(3)(B);

32. As a result of Defendant's willful and/or knowing violations of 47 U.S.C. 227(b)(1), Plaintiff is entitled to and requests treble damages, as provided by statute, up to $1,500.00, for each and every violation, pursuant to 47 U.S.C. 227(b)(3)(B) and 47 U.S.C. 227(b)(3)(C);

33. Plaintiff is entitled to and seeks injunctive relief prohibiting such conduct in the future; and

34. Any other relief that this Honorable Court deems appropriate.

Respectfully submitted,

July 30, 2018                          By: /s/ Shireen Hormozdi
                                          Shireen Hormozdi
                                          Hormozdi Law Firm, PLLC
                                          North Carolina Bar No. 47432
                                          1770 Indian Trail Road, Suite 175
                                          Norcross, GA 30093
                                          Tel: 678–395-7795
                                          Cell: 678-960-9030
                                          Fax: 866-929-2434
                                          shireen@agrusslawfirm.com
                                          shireen@norcrosslawfirm.com